UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICK GRIFFIN,**<br><br>        Plaintiff,<br><br>    v.<br><br>**NETWORK 1 SPECIAL OPPORTUNITIES FUND LP – RIPPLE SERIES, AND AEON GROUP, INC.,**<br><br>        Defendants. | Case No.: 21-CV-1511 YGR<br><br>**ORDER GRANTING UNOPPOSED MOTION TO REMAND; VACATING HEARING**<br><br>DKT. NO. 7 |

On January 25, 2021, the within action was commenced by plaintiff Patrick Griffin in the Superior Court for the State of California, County of San Francisco against defendants Aeon Inc. dba The Aeon Group, Inc. ("Aeon") and Network 1 Special Opportunities Fund LP—Ripple Series ("Network"). Defendant Aeon removed the action by notice filed March 3, 2021. (Dkt. No. 1.) In its Notice of Removal ("NOR"), Aeon stated that the Court has jurisdiction under 28 U.S.C. §1332(a)(1) due to complete diversity of the parties since plaintiff is a California citizen, Aeon is a Florida citizen, and Network is a Delaware citizen. (*Id.* ¶ 3.) Aeon also claimed that the Court has federal question jurisdiction because the contracts at issue "violate[] federal securities laws." *Id.* Defendant Network is represented to have consented to the removal. (*Id.* ¶ 4.)

Plaintiff filed his motion to remand the case to the state court on March 12, 2021 (Dkt. No. 7.)[1] Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth herein, the Court **GRANTS** the motion to remand.[2]

---

[1] Prior to filing the motion, plaintiff's counsel requested a list of Network's partners in order to confirm the propriety of removal. (Declaration of Kate Lazarus, Dkt. No. 7-1, Ex. 1.) Counsel for Network declined to provide such information. (*Id.*, Ex. 2.)

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **April 20, 2021**.

Plaintiff contends the NOR does not establish either diversity or federal question jurisdiction. Plaintiff's claims arise under state law and defendants have failed to establish complete diversity in the NOR which does not fully address the citizenship of defendant Network which is a limited partnership.

Neither defendant has filed any opposition to the motion to remand, much less a timely opposition, as plaintiff notes in his reply. (Dkt. No. 15.) Indeed, the only document filed by defendant Network is a stipulation extending its time to respond to plaintiff's complaint. (Dkt. No. 16.)

The burden to establish federal jurisdiction is on the removing defendants. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-7 (9th Cir. 2010). Here, defendants fail to meet their burden. A limited liability partnership, and for purposes of diversity jurisdiction, has the citizenship of each of its partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990). Defendants have not identified the citizenship of Network's partners here. Further, no federal claim appears from the face of the complaint and a federal defense generally does not provide a basis for removal. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392-93 (1987).

Accordingly, the unopposed Motion to Remand is **GRANTED**. The Clerk of the Court is **DIRECTED** to remand this action to the Superior Court of California, County of San Francisco.

This terminates Docket No. 7.

**IT IS SO ORDERED**.

Date: April 8, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**